# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **PAMELA FERGUSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:09-CV-1222-VEH |
| | ) |
| **KMART CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This case is before this Court on Plaintiff Pamela Ferguson's "Motion for Leave to Amend Complaint Adding or Substituting Party Defendant" (doc. 4) ("Motion for Leave") and "Motion for Remand to the Circuit Court of St. Clair County, Alabama" (doc. 5) ("Motion to Remand"). Defendant Kmart Corporation opposes both motions. (docs. 9 and 11). Because the Motion to Remand challenges this Court's subject matter jurisdiction, it will be considered first.

## I.     Factual and Procedural Background

On December 31, 2008, Plaintiff commenced this lawsuit in the Circuit Court of St. Clair County, Alabama. (doc. 1, Notice of Removal, "Complaint").[1] Plaintiff

---

[1] The caption of Plaintiff's Complaint identifies at least fifteen fictional defendants. Any claims asserted by a plaintiff against fictional parties will not be considered for purposes of this Motion, however, because there is no provision for fictitious party practice under federal law or rules of procedure. *Cf*. 28 U.S.C. § 1441(a) (stating that "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal). Fed. R. Civ. P. 10.

alleges that, on January 9, 2007, she was shopping at a "Kmart" store owned by Defendant. While walking down an aisle, Plaintiff stepped on a "loose, slick-backed placard in contact with the slick waxed linoleum floor." (*Id.* at ¶ 6). According to Plaintiff, she slipped and fell to the floor. The fall allegedly caused Plaintiff to suffer "severe" injuries to her back that resulted in a "permanent physical disability." (*Id.* at ¶ 9). Plaintiff asserts that the conditions in the store caused her to slip and fall and, consequently, to suffer injury. She further avers that the dangerous conditions existed because of the negligent and wanton actions of Defendant.[2] The Complaint seeks compensatory and punitive damages, but does not specify an amount of damages being sought.

Defendant filed an answer in state court. Defendant also propounded requests for admission on Plaintiff. Defendant requested several admissions from Plaintiff that the amount in controversy in this lawsuit exceeds $75,000.00, exclusive of interest and costs. Plaintiff timely objected to those requests. A discovery dispute ensued.

Defendant claimed that Plaintiff's objections were without merit pursuant Alabama Rule of Civil Procedure 36,[3] and filed a motion with the state court entitled

---

[2] Plaintiff asserts only state-law causes of action under Alabama law.

[3] Alabama's request for admission statute, Alabama Rule of Civil Procedure 36, is substantively identical to the relevant portions of Federal Rule of Civil Procedure 36. *See Russell v. Gilliam*, No. 05-0602-CG-B, 2006 WL 1663666, at *2 (S.D. Ala. 2006). *Cf.* Ala. R. Civ. P. 36(a) ("Unless the court determines that an objection is justified, it shall order that an

"Defendant's Motion to Determine the Sufficiency of Plaintiff's Answers to Defendant's Request for Admissions and for [an] Order that [the] Facts be Taken as Established." On March 17, 2009, the state court held a hearing on Defendant's motion. At that hearing, the state court, as Defendant phrases it, "ruled in Defendant's favor and indicated that it would enter an Order that the facts set forth in Defendant's Request for Admissions be taken as established." (doc. 1, at p.6). On June 9, 2009, the state court entered a written order,[4] and held that the following facts

---

answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served."); Fed. R. Civ. P. 36(a)(6) ("Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order that the matter is admitted or that an amended answer be served."); Ala. R. Civ. P. 36(b); Fed. R. Civ. P. 36(b).

[4] When an action is removed from state court, any orders entered by the state court judge remain intact and in full effect.

> "A case removed from state court simply comes into the federal system in the same condition in which it left the state system." *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters, Etc.*, 415 U.S. 423, 435-36, 94 S.Ct. 1113, 1122-23, 39 L.Ed.2d 435 (1974)). Pursuant to 28 U.S.C. § 1450, "all injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." The Supreme Court has interpreted the purpose of § 1450, as follows:
>
>> Section 1450 was simply designed to deal with the unique problem of a shift in jurisdiction in the middle of case which arises whenever cases are removed from state to federal court. In this respect two basic purposes are served. Judicial economy is promoted by providing that proceedings had state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court. In addition, the statute ensures that interlocutory orders entered by the

"are to be taken as established": (1) Plaintiff seeks damages in this action in excess of $75,000.00, exclusive of costs and interest; (2) the amount in controversy in this action exceeds $75,000.00, exclusive of costs and interest; (3) Plaintiff will accept damages in excess of $75,000.00 in this action, exclusive of costs and interest; (4) Plaintiff intends to request a fact-finder in this case to return a verdict in excess of $75,000.00, exclusive of costs and interest; and (5) should Plaintiff prevail on the issue of liability against Defendant, one would expect the fact-finder to award in excess of $75,000.00, exclusive of costs and interest.

After Defendant received the June 9, 2009 written order, Defendant removed

---

        state court to protect various rights of parties will not lapse upon removal. Thus, attachments, sequestrations, bonds, undertakings, securities, injunctions, and other orders obtained in state court all remain effective after the case is removed to federal court.

*Granny Goose Foods*, 415 U.S. at 435-436 (footnote omitted).  A district court is therefore able to treat an order originating at the state court level as it would any interlocutory order the court might have entered itself.  *See Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300 (5th Cir. 1998).

        On the other hand, it is well established that the state court order becomes federalized insofar as federal, rather than state, procedure governs the manner of its enforcement as well as supplies whatever policy justification that might support its continuance.  *Granny Goose Foods*, 415 U.S. at 438-41, 94 S.Ct. at 1123-25; *see also Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 895 (5th Cir.1984).  To the extent the state court order requires the parties to act or refrain from acting in a manner inconsistent with federal procedural requirements, the district court must accommodate the order to federal law. *Granny Goose Foods*, 415 U.S. at 439-41 & n. 15, 94 S.Ct. at 1124-25 & n. 15.

*Russell v. Gilliam*, No. 05-0602-CG-B, 2006 WL 1663666, at *2 (S.D. Ala. 2006).

to this Court on June 18, 2009.[5] Plaintiff filed a timely motion to remand on July 16, 2009.

## II. Standard of Review

"[F]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). A federal court has diversity jurisdiction over actions between citizens of different states, as long as the citizenship of all plaintiffs is diverse from the citizenship of all defendants[6] and the amount in controversy exceeds the statutorily-prescribed minimum amount – presently $75,000.00. *See* 28 U.S.C. § 1332(a)(1). "A removing defendant has the burden of proving the existence of federal jurisdiction." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also, e.g.*, *Leonard v. Enterprise Rent A Car*, 279 F.3d 967,

---

[5] Any civil action instituted in a state court may be removed to a federal forum, provided the district court has original jurisdiction over the controversy. *See* 28 U.S.C. §§ 1332, 1441(a); *see also, e.g., Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). There being no federal question presented in Plaintiff's complaint, Defendant predicated removal on diversity jurisdiction.

[6] It is undisputed that Plaintiff and Defendant are citizens of different states.

5

972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."); *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001) ("[T]he burden of proving jurisdiction lies with the removing defendant."). Also, "[t]he removal statute should be construed narrowly with doubt construed against removal." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)).

The removing party must make "an affirmative showing . . . of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted." *Gaitor v. Peninsular & Occidental S.S. Co .*, 287 F.2d 252, 255 (5th Cir. 1961).[7] Unsupported assumptions and conclusory allegations in the notice of removal that the jurisdictional amount is satisfied, "without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (quoting *Williams*, 269 F.3d at 1319-20 (in turn citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir.1992))); *see also Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir.1994) (concluding that

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"); *Gaitor*, 287 F.2d at 255 (stating that a removing defendant must make "affirmative showing . . . of all the requisite factors of diversity jurisdiction"). When, as here, a plaintiff seeks an unspecified amount in damages, the defendant must show through a preponderance of the evidence, "that the amount in controversy more likely than not exceeds the jurisdictional limitation." *Fowler v. Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1249 (N.D. Ala. 2003) (citing *Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353m, 1357 (11th Cir. 1996). *See also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) ("Defendants must establish the jurisdictional amount by a preponderance of the evidence.").

## III.   Discussion

The issue before this Court is whether Defendant has shown, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds $75,000.00, exclusive of interest and costs. The Court finds that Defendant has fallen short of the mark.

Defendant's requests for admission as to the amount in controversy, and the state court's order regarding those requests, form the sole basis for Defendant's

assertion that the minimum amount in controversy is established in this lawsuit. Stated somewhat differently, Defendant asserts that the minimum amount in controversy is satisfied because the state court judge deemed the matter to be conclusively admitted pursuant to Alabama Rule of Civil Procedure 36.[8]  There is no evidence before this Court that Plaintiff is more likely than not to recover in excess of $75,000.00 in damages.  Furthermore, as discussed *supra*, the Complaint does not specify an amount of damages being claimed by Plaintiff.

This Court finds that, in the absence of *any* evidence as to the amount in controversy, a state court's order cannot, standing alone, establish the minimum amount in controversy for purposes of conferring subject matter jurisdiction on a federal court.  Where it is not apparent that federal jurisdiction is present from either the state court complaint or the evidence attached to a defendant's notice of removal, a judicial decree cannot serve to supplant those requirements and create federal jurisdiction where it does not otherwise exist.  *See Kokkonen v. Guardian Life Ins.*

---

[8] For purposes of either Alabama Rule of Civil Procedure 36 or its federal counterpart, a disputed issue of fact that has been deemed to be admitted by court order is "conclusively established," but it is by no means irreversibly established.  Ala. R. Civ. P. 36(b); Fed. R. Civ. P. 36(b).  "A matter admitted under this rule is conclusively established *unless* the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b) (emphasis supplied). Under the plain language of Rule 36, a court has the authority to allow an admission to be withdrawn or admitted.  Furthermore, and beyond Rule 36, this Court possesses the inherent power to "reconsider, revise, alter, or amend [an] interlocutory order."  *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000).

*Co. of America*, 511 U.S. 375, 377 (noting that a federal court's jurisdiction is restricted to "only that power authorized by Constitution and statute . . . [and] is not to be expanded by judicial decree"); *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17 (1951) (noting that "[t]he jurisdiction of federal courts is carefully guarded against expansion by judicial interpretation"); *In re Carter*, 618 F.2d 1093, 1100 (5th Cir. 1980) (federal jurisdiction cannot be expanded by judicial interpretation). Moreover, because a federal court's jurisdiction can only be authorized by the Constitution or a federal statute, a state cannot take unilateral action to create federal jurisdiction. *See, e.g., United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 330 (5th Cir. 1979) ("A state may no more authorize federal courts to hear a [tax] refund suit which Congress has prohibited, than it may, by waiving its sovereign immunity, also eliminate the requirement in a federal diversity action that the matter in controversy exceed the [statutory minimum required by 28 U.S.C. § 1332].").

In addition, "[j]urisdiction cannot be conferred by a hypothetical." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000). *See also id.* ("Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.") (quoting *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039, 1052 (5th Cir. 1982)). It seems axiomatic to this Court that a state court judge cannot, through the mechanism of Rule 36, create federal jurisdiction

9

from disputed allegations of fact by ordering that the amount in controversy is conclusively established, where that conclusion is not based upon evidence, but is rooted in the murky realm of a hypothetical.

This Court is obligated to assure itself that the amount in controversy is met based upon *evidence*, not procedural manipulation nor assumptions of unsubstantiated fact. *See Lowery*, 483 F.3d at 1211 (the amount in controversy must be established by a preponderance of the evidence). *See also Morrison*, 228 F.3d at 1261 ("When jurisdiction is premised on the diversity of the parties, the court is obligated to assure itself that the case involves the requisite amount in controversy.") (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873-74 (10th Cir.1995) (dismissing case *sua sponte* based on an insufficient amount in controversy), and *Meritcare, Inc. v. St. Paul Mercury, Ins., Co.*, 166 F.3d 214, 218 (3d Cir. 1999) ("[I]f it develops that the requisite amount in controversy was never present, even if that fact is not established until the case is on appeal, the judgment of the District Court cannot stand.")). Here, there is no evidence as to the value of Plaintiff's claims. As such, Defendant has failed to meet its burden to show that subject matter jurisdiction existed on the date of removal.

## IV. Conclusion[9]

Because Defendant failed to show by a preponderance of the evidence that the minimum amount in controversy is satisfied, Plaintiff's Motion to Remand is due to be **GRANTED**. Accordingly, this Court concludes that it lacks subject matter jurisdiction, and this action will be remanded to the Circuit Court of St. Clair, Alabama, by a separate Order.

Plaintiff, in her Motion to Remand, requests that Defendant be required to pay her attorney's fees and costs in conjunction with that motion. Plaintiff's petition for attorney's fees and costs will be **DENIED**.

In addition, because this court does not have subject matter jurisdiction over this action, it lacks the power to rule on Plaintiff's Motion for Leave (doc. 4). *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 84 (1998) (noting that when a court lacks subject matter jurisdiction it "cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit."). As such, Plaintiff's Motion for Leave is due to be **TERMED.**

---

[9] Plaintiff made several arguments in favor of remand in addition to its argument that Defendant did not properly demonstrate that the minimum amount in controversy requirement of 28 U.S.C. § 1332 is satisfied. The Court has not considered the merits of Plaintiff's remaining arguments in favor of remand.

11

**DONE** this the 5th day of October, 2009.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge